**In re CHEMICAL LIME CO., Inc.**
**No. 9693.**

District Court, M. D. Pennsylvania.
Nov. 17, 1938.

Ralph W. Rymer, of Scranton, Pa., for debtor.

Walter L. Hill, of Scranton, Pa., for Thomas M. Brown.

WATSON, District Judge.

This matter is before the Court on the petition of the Debtor to cancel a certain "Management Stock Agreement" and to order a certificate representing 4,000 shares of stock of the Debtor now held by the Bellefonte Trust Company returned to the Debtor for cancellation. Answer to the petition has been filed by Thomas M. Brown, one of the beneficiaries of the management stock agreement.

By the agreement in question, the Debtor issued a certificate representing 4,000 shares of common stock to the Bellefonte Trust Company, which was to be held by the Trust Company as "agent". Properly speaking, the relationship of the Trust Company was that of an escrow. The stock, according to the agreement, was to be held by the Trust Company for distribution to six officers of the Debtor upon the payment by the Debtor of its obligation of $500,000 to the Reconstruction Finance Corporation. The officers to whom the stock was to be distributed were placed in charge of the affairs of the Debtor. In effect the purpose of the agreement was to hold out to the officers a reward in the form of stock as an incentive to operate the business successfully. The business was not operated successfully, no part of the debt to the Reconstruction Finance Corporation was paid, and, under the management of the officers referred to, the affairs of the Debtor became so involved that it became necessary for corporate reorganization proceedings to be brought in this Court. The officers are no longer in charge of the Debtor, and there is no possibility that the management stock agreement will ever be carried out.

The prayer of the Debtor's petition should be granted. In order that the Trustees may propose a plan of reorganization as required by Chapter 10 of the National Bankruptcy Act, § 101 et seq., 11 U.S.C.A. § 501 et seq., it is necessary that the amount and extent of claims against and interests in the Debtor be definitely established. Unquestionably, the stock issued to the Trust Company should revert to the Debtor because of the failure of the officers to carry out the conditions under which their interest in it should become operative. The jurisdiction of this Court to order the stock returned to the

Debtor for cancellation is necessarily implied from the power granted by Congress to affect a reorganization. Without such power, reorganization in cases of this kind could not be affected. Just as this Court has power in bankruptcy proceedings to pass upon claims against the bankrupt, so in reorganization proceedings it must have the power to pass upon interests in as well as claims against the debtor.

Now, November 17, 1938, the prayer of the Petition of the Debtor is granted, the Bellefonte Trust Company of Bellefonte, Pennsylvania, is directed to surrender forthwith to the Trustees of the Debtor the certificate for 4,000 shares of the common stock of the Debtor now held by it under the terms of a certain paper designated "Management Stock Agreement", dated February 28, 1936, said "Management Stock Agreement" is hereby declared void, and the Trustees of the Debtor are hereby directed to declare said certificate for 4,000 shares of stock cancelled.